IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ANTHONY COCKROFT,**

    **Petitioner,**

v.

**TIMOTHY BRUNSMAN, Warden,**

    **Respondent.**

CASE NO. 2:07-cv-01212
JUDGE GRAHAM
MAGISTRATE JUDGE ABEL

## **OPINION AND ORDER**

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's return of writ, and the exhibits of the parties.

This action involves petitioner's convictions after a jury trial in the Franklin County Court of Common Pleas on aggravated robbery, aggravated murder, attempted murder, and tampering with evidence. The Ohio Tenth District Court of Appeals affirmed petitioner's convictions and sentence on direct appeal; however, the Ohio Supreme Court remanded petitioner's case for re-sentencing under *State v. Foster*, 109 Ohio St.3d 1 (2006). Thereafter, petitioner's sentence was affirmed on appeal. In this habeas corpus petition, petitioner asserts that he was denied a fair trial due to improper jury instructions; that the evidence was constitutionally insufficient to sustain his conviction on tampering with evidence; that he was re-sentenced in violation of the Ex Post Facto Clause; and that he was denied his right to confront witnesses. For the reasons that follow, this Court concludes that these claims are waived or without merit.

Petitioner's motion to strike his notice of voluntary dismissal of claim three, Doc. No. 13, is **GRANTED.** For the reasons that follow, petitioner's objection to the Magistrate Judge's denial of his request for a stay, Doc. No. 16, is **OVERRULED**, and this action is hereby **DISMISSED.**

## OBJECTIONS TO DENIAL OF STAY

On June 27, 2008, the Magistrate Judge denied petitioner's request for a stay to pursue a delayed application to reopen the appeal pursuant to Ohio Appellate Rule 26(B). Doc. No. 10. On January 5, 2009, petitioner filed objections to the Magistrate Judge's order. Doc. No. 16. Respondent opposes petitioner's request. Doc. No. 17. In his objections, petitioner contends that he was convicted in violation of the Ohio Supreme Court's decision in *State v. Colon*, 118 Ohio St.3d 29, 35 (2008), and denied the effective assistance of counsel due to his attorney's failure to raise such issue on appeal. He now objects to the Magistrate Judge's denial of his request for a stay and states that he is requesting a stay to pursue such a claim in a delayed Rule 26(B) application. *See Objections.*

Pursuant to 28 U.S.C. §636(b), this Court has conducted a *de novo* review of the Magistrate Judge's order denying petitioner's request for a stay. Petitioner's objections are not well taken. As discussed by the Magistrate Judge, the Ohio Supreme Court dismissed petitioner's appeal of his re-sentencing on September 26, 2007. He filed this habeas corpus petition on November 23, 2007. Petitioner waited more than three years after the Ohio Court of Appeals affirmed his convictions, on February 24, 2005, to suggest that he would like to reopen his appeal. He failed to offer any explanation for his failure to pursue such

2

action to date. Additionally, the Ohio Supreme Court issued its decision in *State v. Colon*, *supra*, on April 9, 2008. Petitioner likewise has failed to explain his failure to file a delayed Rule 26(B) application raising a claim under that decision more than nine months later. Moreover, as noted by the respondent, the Ohio Supreme Court has held that *State v. Colon, supra*, applies prospectively, only to those cases pending on direct review at the time *State v. Colon* was issued. *State v. Colon*, 118 Ohio St.3d 204, 205 (2008).

Therefore, for the foregoing reasons, and for reasons discussed in the Magistrate Judge's *Report and Recommendation*, this Court agrees that petitioner has failed to establish either good cause for failing to exhaust state court remedies or that his claims are potentially meritorious such that a stay is warranted under *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). Petitioner's objections to the Magistrate Judge's denial of his request for a stay, are **OVERRULED**.

## FACTS AND PROCEDURAL HISTORY

The Ohio Tenth District Court of Appeals summarized the facts and procedural history of this case as follows:

> On September 26, 2003, appellant, Mario Barfield, Brandon Washington, and Shawn Atchley planned a robbery. They decided to target several Mexican people, including brothers Jorge and Armando Javier, who lived in a nearby apartment building, believing that they would have just been paid and did not use bank accounts. The four men went to the brothers' nearby apartment and approached Jorge as he was walking outside. Washington and Jorge engaged in a physical confrontation. Appellant checked Jorge's pockets during the confrontation but found no money. During this time, Armando came out of the apartment and saw Jorge fighting with two

3

men, whom he recognized from the area. Armando said he saw appellant get a gun from another man in the group. The gun cartridge fell out, appellant replaced it, cocked the gun, then shot Jorge and Armando. Washington said that appellant then gave the gun to Atchley before the men fled. Jorge died and Armando was seriously injured from their gunshot wounds.

Washington and appellant fled to Washington's nearby apartment. Because it had been raining, police were able to follow footprints leading to the apartment. When confronted by police, Washington told them that appellant had fired the gun, after which they were both arrested. Barfield and Atchley were also arrested. The gun was found inside a refrigerator drawer in Atchley's apartment.

Appellant was indicted on aggravated robbery, aggravated murder with specifications, attempted murder, and tampering with evidence. The aggravated murder charge contained two death penalty specifications. A jury trial was commenced, at which the state called eight witnesses, the defense called two witnesses, and the state called two rebuttal witnesses. The jury found appellant guilty of all counts as charged in the indictment. At the mitigation phase of the trial, the jury recommended a sentence of 25 years to life. The court proceeded immediately to sentencing, and imposed a sentence of 25 years to life with an additional consecutive three years for the gun specification on the aggravated murder charge, ten years for the aggravated robbery charge, nine years for the attempted murder charge, and five years for the tampering with evidence charge, with the aggravated robbery and tampering with evidence terms to be served consecutively with the aggravated murder term, and the attempted murder term to be served consecutively with the aggravated murder term and the gun specification term.

*State v. Cockroft*, 2005 WL 428573 (Ohio App. 10th Dist. Feb. 24, 2005). Represented by new counsel, petitioner asserted the following assignments of error on direct appeal:

> I. IN A CAPITAL CASE, WHERE THE TRIAL JUDGE GIVES A FAULTY REASONABLE DOUBT INSTRUCTION DURING THE PENALTY PHASE, APPELLANT'S SENTENCE VIOLATES THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND ARTICLE ONE, SECTION SIXTEEN OF THE OHIO CONSTITUTION, AND THE PROSCRIPTION AGAINST CRUEL AND UNUSUAL PUNISHMENT CONTAINED IN THE EIGTH [sic] AMENDMENT TO THE UNITED STATES CONSTITUTION, AND ARTICLE ONE, SECTION NINE OF THE OHIO CONSTITUTION.
>
> II. THE TRIAL COURT ERRED WHEN IT ENTERED JUDGMENT AGAINST THE DEFENDANT AS TO COUNT FOUR, TAMPERING WITH EVIDENCE, WHEN THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION AND WAS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE.
>
> III. THE ADMISSION OF HEARSAY STATEMENTS AS TO KEY ISSUES DEPRIVED APPELLANT OF HIS RIGHT TO A FAIR TRIAL UNDER THE OHIO AND FEDERAL CONSTITUTIONS.
>
> IV. THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO NON-MINIMUM, MAXIMUM, CONSECUTIVE SENTENCES BASED ON FACTS NOT FOUND BY THE JURY OR ADMITTED BY APPELLANT.

*Id.* On February 24, 2005, the appellate court affirmed petitioner's convictions and sentence. *Id.* Petitioner filed a timely appeal to the Ohio Supreme Court. He raised the following propositions of law:

> 1. A trial court violates a defendant's right to due process and a fair trial if it convicts and sentences that defendant without sufficient evidence to establish each and every element of a crime beyond a reasonable doubt and when the conviction is against the manifest weight of the evidence.
> 2. A trial court violates a defendant's right to due process and fair trial when it admits inadmissible hearsay statements

during trial that prejudiced the defendant.

*Exhibit 6 to Return of Writ*. The Ohio Supreme Court stayed petitioner's appeal pending its decision in *State v. Foster*, *supra*, 109 Ohio St.3d 1. *State v. Cockroft*, 106 Ohio St.3d 1460 (2005); *Exhibit 8 to Return of Writ*. On May 3, 2006, the Ohio Supreme Court remanded the case for re-sentencing. Exhibit 9 to Return of Writ. Pursuant to the Ohio Supreme Court's remand,

> [o]n June 1, 2006, the trial court held a new sentencing hearing on the aggravated robbery, attempted murder, and tampering with evidence charges. By entry filed June 16, 2006, the court imposed identical sentences to those originally imposed.

*State v. Cockroft*, 2007 WL 1346594 (Ohio App. 10th Dist. May 3, 2007). Petitioner again filed an appeal. He raised the following sole assignment of error:

> THE TRIAL COURT ERRED BY NOT SENTENCING APPELLANT TO MINIMUM AND CONCURRENT TERMS OF IMPRISONMENT, THEREFORE DEPRIVING APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE OHIO AND UNITED STATES CONSTITUTION [sic].

*See id.* On May 3, 2007, the Ohio Tenth District Court of Appeals affirmed petitioner's sentence. *Id*. Petitioner filed a timely appeal to the Ohio Supreme Court in which he again raised this same claim. *Exhibit 17 to Return of Writ*. On September 26, 2007, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. *State v. Cockroft*, 115 Ohio St.3d 1412 (2007); *Exhibit 18 to Return of Writ*.

On November 23, 2007, petitioner filed the instant *pro se* petition for a writ of habeas

corpus pursuant to 28 U.S.C. 2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Due process violation.
>
> State trial court gave faulty jury instructions where Court defined reasonable doubt as being present when after considering all of the evidence the jury was not firmly convinced of the truth of the charges.
>
> 2. Due process violation where evidence was not sufficient to sustain convictions.
>
> There simply was insufficient evidence to sustain a conviction for tampering with evidence.
>
> 3. Petitioner's re-sentencing violates due process clause as being Ex Post Facto violation.
>
> Petitioner was re-sentenced pursuant to State v. Foster (2006), 109 Ohio St.3d 1, which constitutes a judicial enlargement of statutes with onerous effect in violation of the Ex Post Facto Clause. U.S. Constitution.
>
> 4. Denial of 6th and 14th Amendment right to confrontation and cross examination.
>
> The state trial judge unlawfully limited cross examination of a police officer as to hearsay testimony that effectively deprived petitioner of confrontation and effective cross examination of the witness.

It is the position of the respondent that petitioner's claims are procedurally defaulted and without merit.

## PROCEDURAL DEFAULT

In recognition of the equal obligation of the state courts to protect the constitutional

rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required fairly to present those claims to the highest court of the state for consideration. 28 U.S.C. §2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless*, 459 U.S. 4, 6 (1982) *(per curiam)*; *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier*, 447 U.S. 478, 485 (1986); *Engle v. Issac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id.* Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id.* Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the Court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground,

8

then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id.* This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level. *Leroy v. Marshall,* 757 F.2d 94 (6th Cir. 1985).

In claim one, petitioner asserts that he was denied a fair trial because the trial court gave improper jury instructions on reasonable doubt. This claim, being readily apparent from the face of the record was properly raised on direct appeal; however, petitioner failed thereafter to present this same claim in his appeal to the Ohio Supreme Court. *See Exhibit 6 to Return of Writ*. Further, he may now no longer do so, under Ohio's doctrine of *res judicata*. *See State v. Cole*, 2 Ohio St.3d 112 (1982); *State v. Ishmail*, 67 Ohio St.2d 16 (1981); *State v. Perry*, 10 Ohio St.2d 175 (1967). The state courts were never given the opportunity to enforce the procedural rule, due to the nature of petitioner's procedural default. This Court deems the first and second parts of the *Maupin* test to have been met.

This Court must decide whether the procedural bars applied to petitioner's claims in the state courts constitute adequate and independent bases upon which to foreclose review by this Court of petitioner's federal constitutional claims. This task requires the Court to balance the state's interests behind each procedural rule against the federal interest in reviewing federal claims. *See Maupin v. Smith,* 785 F.2d at 138. Under this analysis, the procedural rules barring petitioner's claims constitute adequate and independent state grounds for denying relief. The state courts must be given a full and fair opportunity to remedy alleged constitutional defects. The time limitations for filing appeals

and the requirement that all available claims be asserted at the first opportunity to do so serve the state's interests in finality and in ensuring that claims are adjudicated at the earliest possible opportunity. Further, the doctrine of *res judicata* is stated in unmistakable terms in numerous Ohio decisions and Ohio courts have consistently refused to review claims on the merits under that doctrine. *See State v. Cole, supra; State v. Ishmail, supra; State v. Perry, supra.*

Petitioner can still secure review of these claims if he demonstrates cause for his failure to follow the state procedural rules as well as actual prejudice from the constitutional violations that he alleges. Petitioner has failed to demonstrate either cause for his procedural default or actual prejudice resulting from the alleged constitutional violation.

Beyond the four-part *Maupin* analysis, this Court is required to consider whether this is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier,* 477 U.S. at 491; *see also Sawyer v. Whitley,* 505 U.S. 333.

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup*, 513 U.S. at 316, 115 S.Ct. 851, 130 L.Ed.2d 808. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial."*Id.* at 317, 513 U.S. 298, 115

> S.Ct. 851, 130 L.Ed.2d 808. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence- that was not presented at trial." *Schlup,* 513 U.S. at 324, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808.

*Souter v. Jones, supra,* 395 F.3d at 589-90 (footnote omitted). Petitioner has failed to meet this standard here.

**FAIR PRESENTMENT**

In claim four, petitioner asserts that he was denied the right to confront and cross examine witnesses because the trial court improperly limited his cross examination of Detective Zachary Scott regarding hearsay statements made by a co-defendant. Petitioner failed fairly to present this same federal constitutional issue to the state courts.

In order to exhaust available state remedies, a petitioner must first fairly present the substance of his federal habeas corpus claims to the state courts. *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Anderson v. Harless,* 459 U.S. 4, 6 (1982). "The state courts must be provided with a fair opportunity to apply controlling legal principles to the facts bearing upon petitioner's constitutional claims." *Sampson v. Love,* 782 F.2d 53, 55 (6th Cir. 1986).

11

Petitioner does not fairly present his claim simply because the necessary facts supporting a federal constitutional claim are present or because the constitutional claim appears self evident. *Haggins v. Warden*, 715 F.2d 1050, 1054 (6th Cir. 1983)(citing *Harless*, 459 U.S. at 6). Furthermore, "[a] petitioner 'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions employing constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik,* 986 F.2d 1506, 1515 (6th Cir. 1993)(citing *Franklin v. Rose*, 811 F.2s 322, 326 (6th Cir. 1987)). Courts normally require more than a single broad generalization that petitioner was denied a "fair trial" or "due process of law." *Franklin*, 811 F.2d at 326; *Petrucelli v. Coombe*, 735 F.2d 684, 688 (6th Cir. 1984). Petitioner, however, need not "cite book and verse on the federal constitution." *Picard,* 404 U.S. at 277 (quoting *Daugharty v. Gladden*, 257 F.2d 750, 758 (9th Cir. 1960)). The Sixth Circuit has strictly followed the requirement that petitioner fairly presented his federal constitutional claims to the state courts as a precondition to federal habeas review. *Weaver v. Foltz*, 888 F.2d 1097, 1098 (6th Cir. 1989).

The record reflects that, on direct appeal, petitioner asserted generally that "admission of hearsay statements" had denied him a fair trial "under the Ohio and Federal Constitutions." *See Exhibit 3 to Return of Writ; State v. Cockroft, supra,* 2005 WL 428573. In his appeal, complained that the prosecution was permitted to question Detective Zachary Scott, after being called as a defense witness, as to statements made by co-defendants, particularly Shawn Atchley. Petitioner argued that, although the trial court instructed the jury that such testimony was not to be considered for the truth of those statements, but to

12

show why the Detective conducted his interrogation in the manner that he had, such hearsay evidence of Atchely was inadmissible and prejudicial, improperly bolstering the testimony of other witnesses. See Exhibit 3 to Return of Writ. Petitioner did not, however, refer to a single federal or state case in support of his claim. He did not refer to the Confrontation Clause, nor did he refer to any cases discussing application of the Confrontation Clause in support of his claim. The state appellate court likewise did not review petitioner's claim for a violation of the Confrontation Clause violation, but rather for an alleged violation of state evidentiary rules:

> Appellant argues in his third assignment of error that the trial court erred in admitting hearsay statements. When defense witness Detective Zachary Scott was asked on direct examination why he told Washington that he would have to testify against appellant in order to get a deal or "get himself out of a jam" but not against anyone else, Detective Scott explained that the other defendants involved had all cooperated, and, thus, Washington's testimony was needed only against appellant. Appellant contends that the trial court then improperly permitted the state to ask Detective Scott on cross-examination further questions about what the other defendants said when they were arrested. Detective Scott testified on cross-examination that Atchley's version of the events matched that of Armando's, the other defendants, and the other witnesses, and that appellant was the gunman.
>
> Evid.R. 801(C) defines "hearsay" as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Where an out-of-court statement is offered without reference to its truth, it is not hearsay. *State v. Lewis* (1970), 22 Ohio St.2d 125, 132-133, 258 N.E.2d 445. Consequently, "[s]tatements which are offered to explain a police officer's conduct while investigating a crime are * * * not hearsay," as

the statements are not offered for their truth. *State v. Price* (1992), 80 Ohio App.3d 108, 110, 608 N.E.2d 1088, citing *State v. Blevins* (1987), 36 Ohio App.3d 147, 149, 521 N.E.2d 1105; *Fairfield v. Tillett* (Apr. 23, 1990), Butler App. No. CA89-05-073. Thus, extrajudicial statements by an out-of-court declarant are properly admissible to explain subsequent investigative or other activities of the witness to whom statement was directed. *State v. Thomas* (1980), 61 Ohio St.2d 223, 400 N.E.2d 401 (testimony of law enforcement officials that they had received information about illegal activity was admissible to explain the subsequent investigative activities of the witnesses).

In the present case, Detective Scott's statements about what Atchley told him were not offered for their truth but, rather, to explain the course of the investigation and why he told Washington that his testimony was only necessary against appellant. The court gave a cautionary instruction and a detailed explanation with an example during the detective's testimony, in which it explained to the jury the testimony was provided only to explain why the detective interrogated Washington the way he did. The jury is presumed to follow instructions given by the court. *Pang v. Minch* (1990), 53 Ohio St.3d 186, 559 N.E.2d 1313. Further, the trial court carefully oversaw the examination of Detective Scott, instructing the state not to lead the witness and telling the witness to only speak in generalities about what Atchley told him. Therefore, we find the statement was not hearsay prohibited by Evid.R. 801(C), and the trial court did not abuse its discretion by permitting the testimony.

In addition, as the state points out, appellant cannot complain about the cross-examination when it appears as if he attempted to imply on direct examination that Washington was coerced or persuaded by Detective Scott into implicating appellant and not any of the other defendants. Appellant asserts that the detective's explanation during direct examination as to why he conducted his interview with Washington in the manner in which he did was all that was necessary to provide a sufficient explanation and contends the state's cross-examination was unnecessary. However, it is well-established that the defense

> "opens the door" to cross-examination on a subject by raising it on direct examination as part of the theory of defense. *State v. Gowdy* (2000), 88 Ohio St.3d 387, 397, 727 N.E.2d 579. In the present case, appellant cannot open the door to the issue and then seek to close it right behind him. The state was permitted to cross-examine Detective Scott on the matters raised first by appellant on direct examination. For these reasons, appellant's third assignment of error is overruled.

*State v. Cockroft, supra*, 2005 WL 428573. Petitioner has failed to establish cause and prejudice for his failure to present this federal claim to the state appellate court. He has therefore waived the right to present such claim in these proceedings.

Further, the Court notes that petitioner additionally has committed a procedural default on claim four by failing to raise the claim in his appeal to the Ohio Supreme Court. Although petitioner indicated in his appeal to the Ohio Supreme Court in Proposition of Law II that he was raising an issue regarding the alleged improper admission of hearsay, in support of that proposition of law, petitioner argued solely that his convictions violated *Blakely v. Washington*, 542 U.S. 296 (2004). He did not make any argument whatsoever regarding an alleged violation of the Confrontation Clause or of Ohio's hearsay or evidentiary rules. He failed to refer to a single federal or state case regarding the Confrontation Clause or Ohio's evidentiary rules. Notably, the Ohio Supreme Court, in remanding petitioner's case to the trial court for re-sentencing under *Foster*, did so by reversing the Court of Appeals decision on Proposition of Law II, *i.e.*, petitioner's *Blakely* claim. *See Exhibit 9 to Return of Writ*.

For all the foregoing reasons, petitioner has waived claim four for federal habeas

15

corpus review.

Petitioner has likewise waived claim three, in which he asserts that his re-sentencing violated the Ex Post Facto Clause. He properly raised this claim on direct appeal. *See Exhibit 13 to Return of Writ*. However, he failed to again raise this same claim in his appeal to the Ohio Supreme Court. See *Exhibit 17 to Return of Writ*. Instead, petitioner simply argued that his sentence violated *Blakely*. He did not refer to the Ex Post Facto Clause, nor did he refer to any federal or state cases relying on federal law involving the Ex Post Facto Clause in support of his claim. Further, petitioner has failed to establish cause or prejudice for that failure. He therefore has waived this claim for federal habeas corpus review.

## CLAIM TWO

In claim two, petitioner asserts that the evidence was constitutionally insufficient to sustain his conviction on tampering with evidence. The state appellate court rejected this claim as follows:

> Appellant argues in his second assignment of error that there was insufficient evidence to support the jury's finding of guilty with regard to the tampering with the evidence charge.... When reviewing the sufficiency of the evidence, an appellate court examines the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id., citing *Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.

16

\*\*\*

R.C. 2921.12, tampering with evidence, provides, in pertinent part:

(A) No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall do any of the following:

(1) Alter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation[.]

Appellant contends that it is unclear what happened to the weapon after the shots were fired, and it is only clear that it was later found in Atchley's refrigerator in his apartment. Thus, appellant contends, he could not be guilty of tampering with evidence. We disagree. Appellant fired the gun that killed Jorge and wounded Armando and participated in the robbery of Jorge. He then handed the gun to Atchley just before everyone fled the scene. After shooting two people with a gun during a robbery, appellant surely knew "that an official proceeding or investigation [was] about to be or likely to be instituted [.]" Further, by giving the gun to Atchley immediately after the shooting and knowing that Atchley would flee the scene, the jury could have found beyond a reasonable doubt that appellant was attempting to conceal or remove the gun with purpose to impair its availability as evidence in a legal proceeding or investigation. As this court stated in finding that a defendant tampered with evidence after hiding a getaway vehicle following a shooting: "After the shooting took place, appellant did not stop the SUV and exit it, nor did appellant drive the SUV to a police station. Appellant drove the SUV and parked it in an alley behind an apartment building." *State v. Jones,* Franklin App. No. 02AP-1390, 2003-Ohio-5994, at ¶ 35. Likewise, in the present case, appellant did not keep the gun and wait for the police to arrive, lay the gun down for the police to find, or deliver the gun to the police. Therefore, we find there was sufficient evidence to support the jury's verdict as to tampering with evidence, and the verdict

was not against the manifest weight of the evidence. For these reasons, appellant's second assignment of error is overruled.

*State v. Cockroft, supra*, 2005 WL 428573.

The factual findings of the state appellate court are presumed to be correct. 28 U.S.C. 2254 (e)(1) provides:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Further, a federal habeas court may not grant relief unless the state court decision contravened or unreasonably applied clearly established federal law or was based on an unreasonable determination of the facts. 28 U.S.C. 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in State court proceeding.

*Id.*

> A state court's determination is contrary to federal law when the state court arrives at a conclusion opposite to that reached

> by the Supreme Court on a question of law or on indistinguishable facts. *Williams v. Taylor,* 529 U.S. 362, 412-13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A state court's decision is an unreasonable application of federal law when the state court correctly identified the applicable legal principle from Supreme Court precedent, but applied that principle to the facts before it in an unreasonable manner. *Id.* at 413, 120 S.Ct. 1495.

*Maldonado v. Wilson*, 416 F.3d 470, 475 (6th Cir.2005). Petitioner has failed to meet this standard here.

Before a criminal defendant can be convicted consistent with the United States Constitution, there must be sufficient evidence to justify a reasonable trier of fact to find guilt beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319 (1979). To determine whether the evidence was sufficient to support a conviction, this Court must view the evidence in the light most favorable to the prosecution. *Wright v. West,* 505 U.S. 277, 296 (1992) (citing *Jackson,* at 319). The prosecution is not affirmatively required to "rule out every hypothesis except that of guilty." *Id.* (quoting *Jackson,* at 326). "[A] reviewing court 'faced with a record that supports conflicting inferences must presume-even if it does not appear on the record-that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.' " *Id.* (quoting *Jackson,* at 326).

Upon review of the record, and for the reasons discussed by the state appellate court, this Court agrees that, when viewing all of the evidence in the light most favorable to the prosecution, *Jackson v. Virginia, supra,* the evidence was constitutionally sufficient to sustain petitioner's conviction on tampering with evidence. In short, the record fails to

reflect that the state appellate court's decision was so unreasonable as to justify federal habeas corpus relief. 28 U.S.C. § 2254(d), (e); *Williams v. Taylor, supra.*

Claim two is without merit.

For all the foregoing reasons, petitioner's motion to strike his notice of voluntary dismissal of claim three, Doc. No. 13, is **GRANTED.** Petitioner's objection to the Magistrate Judge's denial of his request for a stay, Doc. No. 16, is **OVERRULED**. This action is hereby **DISMISSED.**

**IT IS SO ORDERED**.

S/ James L. Graham  
JAMES L. GRAHAM  
United States District Judge

Date: Mar. 10, 2009