IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ANTHONY COCKROFT,**

      Petitioner,

v.

**WARDEN, LEBANON CORRECTIONAL INSTITUTION,**

      Respondent.

CASE NO. 2:07-cv-1212
JUDGE GRAHAM
MAGISTRATE JUDGE ABEL

## OPINION AND ORDER

On March 10, 2009, final judgment was entered dismissing the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. Petitioner did not timely appeal. On June 3, 2009, however, he filed a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, which motion this Court denied on June 9, 2009. This matter is now before the Court on petitioner's June 23, 2009, motion for a certificate of appealability and request to proceed *in forma pauperis* on appeal. Doc. Nos. 24, 25. For the reasons that follow, petitioner's motion for a certificate of appealability and request to proceed *in forma pauperis* on appeal, Doc. Nos. 24, 25, are **DENIED.**

Petitioner requests a certificate of appealability of this Court's denial of his motion for relief from judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure. The Court denied petitioner's Rule 60(b) motion on the merits. Where a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel*, 529

U.S. 473, 484 (2000). To make a substantial showing of the denial of a constitutional right, a petitioner must show

> that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" Barefoot, 463 U.S., at 893, and n.4 . . . .

*Id*. Petitioner has failed to meet this standard here. Therefore, his motion for a certificate of appealability is **DENIED.**

Further, pursuant to 28 U.S.C. §1915(a)(3), an appeal may not be taken in forma pauperis if the appeal is not taken in good faith. Federal Rule of Appellate Procedure 24 also provides:

> A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
>> (A) the district court--before or after the notice of appeal is filed-- certifies that the appeal is not taken in good faith[.]

Fed.R.App.P. 24(a)(3)(A). In addressing this standard, another Court has explained:

> The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. Accordingly, it would be inconsistent for a district court to determine that a complaint is too frivolous to be served, yet has sufficient merit to support an appeal in forma pauperis. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n. 1 (2d Cir.1983).

*Frazier v. Hesson,* 40 F.Supp.2d 957, 967 (W.D. Tenn. 1999). However,

> "the standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith." *U.S. v. Cahill-Masching,* 2002 WL 15701, * 3 (N.D.Ill. Jan. 4, 2002). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir.2000).

*Penny v. Booker*, No. 05-70147, 2006 WL 2008523, at *1 (E.D. Michigan, July 17, 2006).

The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that the appeal is not in good faith. Therefore, petitioner's request to proceed *in forma pauperis* on appeal, Doc. No. 24, is **DENIED;** his motion for a certificate of appealability, Doc. No. 25, also is **DENIED.**

**IT IS SO ORDERED.**

        s/James L. Graham  
        JAMES L. GRAHAM  
        United States District Judge

DATE: July 30, 2009